1
2
3
4
5
6
7
8
9
10
11

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Dr. Trust Justice "TJ" Truth, | Case No. 2:22-cv-01451-GMN-DJA |
| Plaintiff, | |
| v. | **Order** |
| California Casualty Indemnity Exchange (The), | |
| Defendant. | |

12  Before the Court are Defendant's motion to strike Plaintiff's amended complaint as a

13  rogue document (ECF No. 60); Plaintiff's motion to strike Defendant's answer to Plaintiff's

14  complaint (ECF No. 62); Plaintiff's motion for a refund of court fees (ECF No. 63); and

15  Defendant's motion for case terminating sanctions or to compel Plaintiff's discovery responses

16  and his appearance at his deposition (ECF No. 68).  The Court agrees that Plaintiff's amended

17  complaint is a rogue document because Plaintiff filed it without leave of Court.  The Court thus

18  grants Defendant's motion to strike.  (ECF No. 60).  Because Plaintiff seeks to strike Defendant's

19  answer and obtain default judgment on a minor technicality—the width of Defendant's margins—

20  the Court denies Plaintiff's motion to strike.  (ECF No. 62).  Because Plaintiff provides no

21  authority to support his argument that he is entitled to a refund of his fees, the Court denies

22  Plaintiff's motion for a refund.  (ECF No. 63).  Because Defendant has demonstrated that Plaintiff

23  has refused to cooperate in discovery, but because the Court finds lesser sanctions are

24  appropriate, it grants in part and denies in part Defendant's motion for case terminating sanctions

25  or to compel.  (ECF No. 68).

26  ///

27  ///

28  ///

# I.    Discussion.

### A.    Defendant's motion to strike Plaintiff's amended complaint.

Defendant moves to strike Plaintiff's amended complaint and summons because Plaintiff filed the amended complaint without leave of court.  (ECF No. 60).  Plaintiff did not respond to Defendant's motion.  The Court grants Defendant's motion.

Under Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f), whichever is earlier.  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Under Federal Rule of Civil Procedure 12(f), the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  "The district court also has inherent authority to strike improper filings 'to promulgate and enforce rules for the management of litigation.'"  *Gizzie v. Las Vegas Metro. Police Dep't*, No. 2:18-cv-00952, 2020 U.S. Dist. LEXIS 22001, at *5 (D. Nev. Feb. 7, 2020) (quoting *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995)).

Here, Plaintiff's amendment was not within the twenty-one days specified by Federal Rule of Civil Procedure 15(a)(1).  Nor did the Court provide leave under that Rule.  The Court thus strikes Plaintiff's amended complaint (ECF No. 57) and its corresponding summons (ECF No. 58).

### B.    Plaintiff's motion to strike Defendant's answer to Plaintiff's complaint.

Plaintiff moves to strike Defendant's answer to his complaint because of Defendant's "violation of LR IA 10-1 for FAILURE to provide ONE-INCH (1") MARGINS on ALL SIDES…"  (ECF No. 62 at 1).  Plaintiff asks the that Court enter default judgment against Defendant.  (*Id.*).  Defendant responds that such a small violation of the Local Rules does not provide grounds for the dispositive relief Plaintiff seeks.  (ECF No. 70).  The Court denies Plaintiff's motion.  The Court, as a matter of policy, prefers to decide cases on the merits of the

1    claims, rather than on procedural technicalities.  *See Rashidi v. Albright*, 818 F. Supp. 1354, 1357

2    (D. Nev. 1993).

3             **C.**      **Plaintiff's motion for a refund of Court fees.**

4          Plaintiff moves for a refund of his filing fee, along with an additional $25,000 from the

5    Court.  (ECF No. 63).  He asserts that he entered into a contract with the Court when he paid the

6    filing fee, which contract he claims the Court breached.  (*Id.*).  But Plaintiff has provided no

7    authority for this assertion and improperly styles his motion as a "demand letter."  *See* Local Rule

8    IA 7-1(b) ("[e]xcept as provided in subsection (a), an attorney or pro se party must not send case

9    related correspondence, such as letters…to the court.  All communications with the court must be

10   styled as a motion, stipulation, or notice…"); *see* Local Rule 7-2(a) (providing that all motions

11   must be supported by a memorandum of points and authorities).  The Court denies Plaintiff's

12   motion.

13            **D.**      **Defendant's motion for case terminating sanctions or to compel Plaintiff's**
14                      **discovery responses and deposition appearance.**

15         Defendant moves either for case dispositive sanctions under Federal Rule of Civil

16   Procedure 37 or to compel Plaintiff to respond to discovery requests and to attend his deposition.

17   (ECF No. 68).  Defendant explains that Plaintiff has failed to make initial disclosures, respond to

18   Defendant's written discovery requests, and failed to appear at his noticed deposition.  (*Id.* at 2).

19   Defendant also seeks the fees and costs it incurred in bringing the motion and as a result of

20   Plaintiff's failure to attend his deposition.  (*Id.*).

21         Plaintiff responds with multiple arguments unrelated to the motion for sanctions including

22   that: (1) Defendant's motion is improper because it relates to the original complaint and not the

23   amended complaint; (2) Defendant and its counsel have a conflict of interest so Defendant's

24   counsel should withdraw representation; (3) Plaintiff will not acknowledge Defendant's counsel

25   until they provide authorization for their representation of Defendant; and (4) the amended

26   complaint somehow terminated Defendant's counsel's representation of Defendant.  (ECF No.

27   71).  Related to the motion for sanctions, Plaintiff also argues that he was never properly served

28   with discovery requests, although he does not explain why.  (*Id.* at 5).  He adds without

1  explanation that discovery was restricted to thirty workdays from July 25, 2022 and that

2  Defendant was only entitled to discover a "claim log." (*Id.*). Plaintiff also asserts without

3  authority or explanation that all of his responses would be protected by the attorney client

4  privilege. (*Id.*).

5      Defendant replies to Plaintiff's unrelated arguments by pointing out that Plaintiff's

6  amended complaint is improper because Plaintiff did not seek leave to file it, that Defendant's

7  counsel is properly representing it, and that its counsel is under no obligation to provide

8  authorization to Plaintiff. (ECF No. 72 at 1-3). Regarding Plaintiff's assertion that he was never

9  served, Defendant asserts that it served the discovery requests on Plaintiff via his email address

10  and by mail. (*Id.* at 3). Additionally, Plaintiff wrote "they commit fraud on the court & are

11  criminals" and "return to sender" on the envelopes, demonstrating that he received them. (*Id.*).

12  Defendant also sent a reminder email to Plaintiff about the discovery requests and the scheduled

13  deposition, to which email Plaintiff did not respond. (*Id.* at 3-4). Defendant asserts that it is

14  entitled to engage in discovery beyond the limited time frame Plaintiff provides by the discovery

15  plan and is entitled to engage in discovery on all topics under the Federal Rules. (*Id.* at 4-5).

16              1.    Plaintiff's unrelated arguments are without merit.

17      Plaintiff's argument that Defendant's motion is improper because it relates to the original

18  complaint and not the amended complaint fails because the Court has already determined that

19  Plaintiff's amended complaint is a rogue document. Plaintiff's arguments that Defendant's

20  counsel have a conflict of interest and are required to provide him authorization are similarly

21  without merit because they are unsupported by facts or authority. Finally, Plaintiff's argument

22  that the amended complaint somehow terminated Defendant's counsel's representation is

23  unsupported, and in any event, the Court has already struck Plaintiff's amended complaint.

24              2.    The Court denies Defendant's motion for case terminating sanctions.

25      Fed. R. Civ. P. 37 generally governs sanctions for discovery abuses. The sanctions

26  available under Rule 37(d) apply to a party's failure to attend his deposition or respond to

27  interrogatories or document requests. Incorporated into the sanctions enumerated in Rule 37(d)

28

are all of the sanctions listed in Rule 37(b)(2)(A)(i)-(vi).  Fed. R. Civ. P. 37(d)(3).  Rule

37(b)(2)(A)(v) allows the Court to dismiss a "proceeding in whole or part."

The Ninth Circuit uses a five-factor test to determine if case terminating sanctions are appropriate under Rule 37(b)(2)(A)(v).  *Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (internal citation omitted).  These five factors include: "(1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Id.* (citing *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).  The fifth factor has three subparts including: "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions."  *Id.* (citing *Valley Eng'rs v. Electric Eng'g Co.*, 158 F. 3d 1051, 1057 (9th Cir. 1998)).  Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors strongly support dismissal."  *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  Moreover, in order for the Court to order dismissal as a sanction, the party's violations of a court's orders must be willful or in bad faith.  *Id.* (citing *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983)).

Here, case terminating sanctions are not appropriate at this stage.  The first and second factor weigh in favor of terminating sanctions because Plaintiff's refusal to cooperate in discovery has slowed and multiplied the litigation.  The third factor weighs slightly in favor of terminating sanctions.  At this stage the risk of prejudice to Defendant is the delay in receiving discovery responses and the expense Defendant has incurred in attempting to obtain those responses.  However, that prejudice is something that the Court can remedy given that discovery is still open and that the parties may seek an extension if necessary.  The fourth factor weighs strongly against case dispositive sanctions because, as the Court has already noted, there is a policy in favor of deciding cases on their merits.  The fifth factor also weighs against case dispositive sanctions.  Lesser sanctions are available to cure the prejudice Defendant faces.  The Court has also not

employed these sanctions before, and it has not yet warned Plaintiff of the possibility of case
dispositive sanctions as a remedy to refusing to engage in discovery.  Weighing all the factors
together, the Court finds that case terminating sanctions are not appropriate here.

### 3.    The Court grants Defendant's motion to compel.

Federal Rule of Civil Procedure 26(b)(1) provides that a party may obtain discovery
regarding any nonprivileged matter that is relevant to any party's claim or defense and
proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1).  "Simply not responding to
discovery requests is not an option."  *Wan v. Pulte Mortg.*, No. 2:13-cv-01362-RCJ-GWF, 2013
WL 6692744, at *1 (D. Nev. Dec. 17, 2013).  "Similarly, a party may not simply fail to show up
to a properly noticed deposition; rather, he must move for a protective order under Rule 26(c)."
*Id.*  Federal Rule of Civil Procedure 37(a)(1) authorizes a party to move for an order compelling
disclosure or discovery.

Here, Defendant has demonstrated that Plaintiff has refused to engage in discovery.
Defendant has asserted that its discovery requests were within the scope of discovery, a point
which Plaintiff does not dispute.  And Plaintiff provides no justifiable reason for not responding
to Defendant's discovery requests and not showing up for his deposition.  The Court will thus
grant Defendant's motion to compel.  Plaintiff must respond to Defendant's discovery requests
within thirty days of this order.  Plaintiff must also make himself available to be deposed and
must cooperate with Defendant's counsel in scheduling that deposition.

### 4.    The Court grants in part Defendant's request for attorneys' fees.

Under Federal Rule of Civil Procedure 37(a)(5)(A), if a motion to compel is granted, "the
court must, after giving an opportunity to be heard, require the party or deponent whose conduct
necessitated the motion…to pay the movant's reasonable expenses incurred in making the
motion, including attorney's fees."  The Court must not order payment if the opposing party's
nondisclosure, response, or objection is substantially justified, or other circumstances make an
award of expenses unjust.  *See* Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii).

Here, although the Court has granted Defendant's motion, it is also mindful that Plaintiff
is appearing *pro se* and may not be familiar with the consequences of failing to follow the

discovery rules.  On the other hand, Plaintiff has been admonished multiple times throughout this litigation of the need for civility in the prosecution of his case and has demonstrated no justification for his failure to engage in discovery.  The Court will thus grant Defendant's request for attorney's fees in part.  Plaintiff must pay Defendant's reasonable attorneys' fees and expenses incurred as a result of Plaintiff's failure to appear at his deposition.  However, the Court will not require Plaintiff to pay Defendant's attorneys' fees incurred in bringing the motion to compel.  The parties shall meet and confer and attempt to stipulate to the fees and costs Plaintiff must pay.

**IT IS THEREFORE ORDERED** that Defendant's motion to strike Plaintiff's amended complaint (ECF No. 60) is **granted.**  The Clerk of Court is kindly directed to **strike** Plaintiff's amended complaint (ECF No. 57) and its corresponding summons (ECF No. 58) from the docket.

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike Defendant's answer (ECF No. 62) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for the Court to refund his fees (ECF No. 63) is **denied.**

**IT IS FURTHER ORDERED** that Defendant's motion for case terminating sanctions or to compel is **granted in part and denied in part.**  It is denied in part regarding Defendant's request for case terminating sanctions and for attorneys' fees and costs related to the motion.  It is granted in part regarding Defendant's motion to compel and request for attorneys' fees and costs related to Plaintiff's non-appearance at his deposition.

**IT IS FURTHER ORDERED** that Plaintiff must respond to Defendant's discovery requests on or before **June 26, 2023.**

**IT IS FURTHER ORDERED** that Plaintiff must make himself available for a deposition and cooperate with Defendant's counsel in scheduling that deposition.

///

///

///

1

**IT IS FURTHER ORDERED** that Plaintiff shall pay Defendant's reasonable attorneys'

2

fees and costs incurred as a result of Plaintiff's failure to appear at his deposition.  The parties

3

shall meet and confer and attempt to stipulate to the fees and costs Plaintiff must pay.

4

5

DATED: May 25, 2023

6

_____

7

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28