# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DR. TRUST JUSTICE "TJ" TRUTH, ESQ., )
)
          Plaintiff, )
)   Case No.: 2:22-cv-01451-GMN-DJA
     vs. )
)         **ORDER**
CALIFORNIA CASUALTY INDEMNITY )
EXCHANGE (THE), )
)
         Defendant. )
_____ )

There are several pending motions before the Court in this action.  Plaintiff Dr. Trust Justice "TJ" Truth, Esq. ("Plaintiff") has filed the following: (1) Motion in Limine, (ECF No. 10); (2) Motion for Default Judgment, (ECF No. 12); (3) Motion for Summary Judgment, (ECF No. 13); (4) Second Motion for Default Judgment, (ECF No. 20); (5) Third Motion for Default Judgment, (ECF No. 22); (6) Motion for Rule 11 Sanctions, (ECF No. 26); (7) Second Motion in Limine, (ECF No. 28); (8) Motion for Judge Gloria M. Navarro to Recuse, (ECF No. 51); (9) Motion for Judge Branda Weksler to Recuse (ECF No. 52); (10) Motion to Amend Complaint, (ECF No. 53); (11) Second Motion for Summary Judgment, (ECF No. 61); (12) First Motion to Dismiss, (ECF No. 73); (13) Fourth Motion for Default Judgment, (ECF No. 75); (14) Second Motion to Dismiss, (ECF No. 78); and Third Motion to Dismiss, (ECF No. 82).

Defendant California Casualty Indemnity Exchange ("Defendant") has filed Responses to Plaintiff's pending motions. (*See* Resp. Mot. Def. Judgment, (ECF No. 16); Resp. Mot. Summary Judgment, (ECF No. 23); Resp. Mot. Limine, (ECF No. 24); Resp. Second Mot. Default Judgment, (ECF No. 25); Resp. Second Mot. Limine, (ECF No. 35); Resp. Mot. Judge Gloria M. Navarro and Judge Brenda Weksler to Recuse, (ECF No. 56); Resp. Mot. Amend

1   Compl., (ECF No. 59); Resp. Second Mot. Summary Judgment, (ECF No. 69); Resp. First Mot.

2   Dismiss (ECF No. 74); and Resp. Second Mot. Dismiss, (ECF No. 80)).

3       Also pending before the Court is Defendant's Counter Motion to Strike Portions of

4   Plaintiff's Filings and have Plaintiff Declared a Vexatious Litigant (ECF No. 32).

5       For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion to Dismiss.

6   Accordingly, the Court **DISMISSES** Plaintiff's case **WITH PREJUDICE**.

7   **I.**        **BACKGROUND**

8       Plaintiff maintained an insurance policy with Defendant that covered loss of use of his

9   San Francisco, California apartment. (*See* Complaint ("Compl.") § 6(c), ECF No. 1-1).  On July

10  6, 2022, Plaintiff learned he was locked out of his apartment and contends that his personal

11  property, valued at over $500,000, had been removed from the premises. (Compl. § 7(b)).

12  Upon learning he had been locked out, Plaintiff contacted Defendant via telephone to submit a

13  claim and spoke with an individual who stated Plaintiff would receive an email with the claim

14  number and the assigned agent's name and telephone number.  According to Plaintiff, however,

15  he never received any information following this phone call. (Compl. § 7(d)).  Between July 13,

16  2022, and August 5, 2022, Plaintiff attempted to contact Defendant's agent, Stephanie Castillo,

17  about his claim but alleges no one returned his calls or emails.[1] (*See* Compl. § 7(d) – (f)).

18      Plaintiff then sent a demand letter to Defendant on September 6, 2022. (Compl. § 7(n)).

19  That same day, Plaintiff filed this lawsuit.  In his Complaint, Plaintiff raises the following

20  causes of action: (1) Unfair Practices in Settling Claims; Liability of Insurer for Damages under

21  Nevada Revised Statutes ("NRS") 686A.310; (2) Breach of Fiduciary Duties; (3) Negligent

22  Infliction of Emotional Distress; and (4) Intentional Infliction of Emotional Distress.  Plaintiff

23  

24  [1] When Plaintiff was able to get in contact with Stephanie Castillo for the first time, Plaintiff claims the call was
    disconnected and she never returned his phone call, despite Plaintiff leaving multiple voicemails. (Compl. § 7(i)
25  – (j)).

requests $225,000 for his personal property loss, $67,500 for loss of use of his dwelling, $100,000 in compensatory damages, at least $5,000,000 in damages for his emotional distress, and up to $35,000,000 in punitive damages.

Plaintiff has since filed various motions, including, among other things, four motions for default judgment, two motions for summary judgment, two motions to dismiss his claim, and a motion for Rule 11 sanctions.  Plaintiff has also filed motions requesting that the undersigned recuse.  In his Second Motion to Dismiss, Plaintiff contends that the Court, Defendant, and Defendant's attorneys are "colluding" against Plaintiff. (Second Mot. Dismiss ("MTD") 8:11–18, ECF No. 78).  Plaintiff expresses that he will not follow the Court's orders or decisions—contending that the Court's orders and decisions are "fake"—and that the Court's actions thus far have violated his constitutional rights. (Second MTD, 9:1–11).  Plaintiff thus seeks to dismiss his lawsuit because the Court's "condonation of defendant's fraud . . . and the highjacking of [his] case has so tainted [his] case as to rise to the level warranting a mistrial." (Second MTD 9:1–4).

## II.  <u>LEGAL STANDARD</u>

### A.  **Motion to Recuse**

"It is axiomatic that a fair trial in a fair tribunal is a basic requirement of due process." *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 876 (2009) (cleaned up).  "Any justice, judge, or magistrate judge of the United States shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned." 28 U.S.C. § 455.  "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein[.]" 28 U.S.C. § 144.  "The standard for recusal under 28 U.S.C. §§ 144, 455 is 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality

might reasonably be questioned." *U.S. v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986).  While § 144 "provides a procedure for a party to recuse a judge," 28 U.S.C. § 455 "imposes an affirmative duty upon judges to recuse themselves.'" *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).

A party seeking recusal under 28 U.S.C. § 144 must file a timely and sufficient affidavit averring that the judge before the matter has a personal bias or prejudice either against the party or in favor of an adverse party and set forth the facts and reasons for such belief.  If the affidavit is legally sufficient, *i.e.*, "state[s] the facts and reasons for such belief that bias or prejudice exists," the judge at whom the motion is directed must refer the motion to another judge for a determination of its merits. *United States v. Sibla*, 624 F.2d 864, 867–68 (9th Cir. 1980).  Where the affidavit is not legally sufficient, the judge at whom the motion is directed may determine the matter. *Id.*  "[A] motion properly brought under section 144 will raise a question concerning recusal under section 455(b)(1) as well as section 144." *Id.*

**B.    Motion for Default Judgment**

Obtaining default judgment is a two-step process governed by Rule 55 of the Federal Rules of Civil Procedure ("FRCP"). *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the moving party must seek an entry of default from the clerk of court. Fed. R. Civ. P. Rule 55(a).  Entry of default is only appropriate when a party "has failed to plead or otherwise defend." *Id.*  Additionally, the FRCP 55(a) advisory note indicates that it is inappropriate to enter a default against a party who has indicated their intent to defend. *Id.*  After the clerk enters the default, a party must then separately seek entry of default judgment from the court in accordance with Rule 55(b).  Upon entry of a clerk's default, the court takes the factual allegations in the complaint as true.

In determining whether to grant default judgment, courts are guided by the following seven factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's

substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong public policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

### C.   Motion to Dismiss

The Federal Rules of Civil Procedure provide that an action may be dismissed by plaintiff's request or court order on terms that the court considers proper. *See* Fed. R. Civ. P. 41(a)(2).  Whether to allow dismissal rests in a court's sound discretion. *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982).  The Ninth Circuit has held that "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (internal footnote omitted); *see also Hamilton*, 679 F.2d at 145–46.

"Legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).  Although the Ninth Circuit has not adopted a definitive list of factors for determining legal prejudice, courts have looked to several factors, including: (1) the defendant's effort and expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) an insufficient explanation of the need to seek a dismissal; and (4) a motion for summary judgment has been brought by the defendant. *See United States v. Berg*, 190 F.R.D. 539, 5423 (E.D. Cal. 1999).  Legal prejudice does not result simply because a defendant faces the prospect of a second lawsuit or when plaintiff gains some tactical advantage. *See Smith*, 263 F.3d at 976 (citing *Hamilton*, 679 F.2d at 145).

Dismissal under Rule 41(a)(2) is generally without prejudice. *Smith*, 2633 F.3d at 976.  However, an action may be dismissed with or without prejudice, and the dismissal may be

1   conditioned on terms that are proper or necessary to prevent prejudice to the defendant. *See*

2   *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993).  This can include an order that plaintiffs pay

3   attorney's fees for work performed by counsel for defendants on the claims that are dismissed.

4   *See id.* at 652 ("Only those costs incurred for the preparation of work product rendered useless

5   by the dismissal should be awarded as a condition of the voluntary dismissal.").  Finally,

6   although a court may impose curative conditions on a voluntary dismissal, a plaintiff is entitled

7   to withdraw its motion if it does not accept the court's terms of dismissal. *Beard v. Sheet Metal*

8   *Workers Union, Local 150*, 908 F.2d 474, 476 (9th Cir. 2004).

9   **III.**          **DISCUSSION**

10          **A.     Motion for the Court to Recuse**

11          As a preliminary matter, Plaintiff requests that the undersigned "disqualify themselves

12   from this case due to actual or implied bias, . . . against Plaintiff[.]" (Mot. Recuse, 1:17–24,

13   ECF No. 51).  Although Plaintiff does not cite a specific rule or statute in support of his motion,

14   the Court notes that Plaintiff's main argument is based on his contention that the undersigned is

15   biased against Plaintiff.  Therefore, the Court interprets Plaintiff's Motion to Recuse as brought

16   under 28 U.S.C. §§ 144 and 455.

17          In the Minutes of Proceeding following a hearing before Judge Weksler, Judge Weksler

18   noted that Plaintiff's "lack of civility is not appreciated," and that the Court "expects the

19   Plaintiff to comport himself with the highest level of civility going forward." (*See* ECF No. 40).

20   Relying on these warnings, Plaintiff contends that the Court, including the undersigned, is

21   permitting fraud, and "trivializing this fraud as simple 'name calling' and 'not being civil' on

22   the court record as a subterfuge to coverup" the alleged fraud. (Mot. Recuse 2:10–13).  Plaintiff

23   does not, however, articulate how Judge Weksler's request to maintain decorum and civility

24   supports his allegations that the Judge Weksler is biased against Plaintiff.

25   ///

Page 6 of 13

Plaintiff's attached affidavit additionally raises the following justifications for recusal: (1) the Court's December 14, 2022 Order denying Plaintiff's Motion for Speedy Trial Hearing; (2) the Court's December 28, 2022 Minute Order denying Plaintiff's Motion for Leave to File Amended Complaint without Prejudice based on Plaintiff's failure to meet and confer with opposing counsel before filing his motion pursuant to this Court's local rules; (3) the Court's September 20, 2022 Order denying Plaintiff's Application to Proceed *in forma pauperis* because Plaintiff had already paid the filing fee; (4) the Court's alleged failure to consider his pending Motions for Default Judgment, Motions for Summary Judgment, and Motion for Rule 11 Sanctions; (5) the Magistrate Judge's Order entering a discovery schedule, which Plaintiff contends was unnecessary; and (6) the emotional distress and abuse, neglect or exploitation of an older vulnerable person that Plaintiff alleges he is suffering. (*See generally* Pl. Affidavit in Support of Mot. Recuse, ECF No. 51).

The Court finds that Plaintiff does not articulate why the undersigned should recuse. Plaintiff's claims that the undersigned is biased is unsupported by any evidence, and the alleged evidence in support of Plaintiff's motion are largely based "on events occurring in the course of the current proceedings," which cannot form "a basis for a bias or partiality . . . except when they display 'a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Brown v. Leachman*, No. 16-cv-07235, 2021 WL 827233, at *3 (N.D. Cal. Mar. 4, 2021) (quoting *Liteky v. United States*, 510 U.S. 540, 541 (1994)). The undersigned thus declines to recuse from this action. Accordingly, Plaintiff's Motion for Judge Gloria Navarro to Recuse, (ECF No. 51), is DENIED.[2]

---

[2] Upon learning that Plaintiff intended to sue Magistrate Judge Weksler in state court, Judge Weksler recused herself. (*See* Min. Order, ECF No. 54). Accordingly, Plaintiff's Motion for Judge Brenda Weksler to Recuse, (ECF No. 52), is DENIED as moot. Although the undersigned has received similar notice of Plaintiff's intent to sue the undersigned, the undersigned is not required to recuse herself on these grounds.

**B.     Motion for Default Judgment**

The Court next considers Plaintiff's First Motion for Default Judgment, Second Motion for Default Judgment, Third Motion for Default Judgment, and Fourth Motion for Default Judgment.  Plaintiff's First Motion for Default Judgment was filed on October 20, 2022.  Soon thereafter, Plaintiff filed his Second Motion for Default Judgment on November 7, 2022. Defendant was served on October 19, 2022. (Response Mot. Default Judgment 2:15–19, ECF No. 25).  Defendant soon thereafter filed its Answer on November 1, 2022—fourteen days after being served, and within the requirement under FRCP Rule 4. (*See* Resp. Mot. Default Judgment 2:17).  Plaintiff appears to have misconstrued the Clerk of Court's issuance of a summons, (ECF No. 7), on September 19, 2022, with actual service on Defendant. Accordingly, because Defendant properly filed its Answer within 21 days of being served, Plaintiff's First Motion for Default Judgment is DENIED.  Because Plaintiff's Second and Third Motions for Default Judgment requests the same relief based on the same arguments, the Court DENIES Plaintiff's Second Motion for Default Judgment and Third Motion for Default Judgment as moot.

Plaintiff filed his Fourth Motion for Default Judgment on April 18, 2023.  Plaintiff argues that Defendant "failed to plead or otherwise defend in said action" after Plaintiff filed his First Amended Complaint on February 13, 2023. (*See* Fourth Mot. Default Judgment 2:3–8; First Am. Compl., ECF No. 57).  But Defendant responded to Plaintiff's First Amended Complaint by filing its Motion to Strike the First Amended Complaint on February 21, 2023. (*See* Mot. Strike, ECF No. 60).  FRCP Rule 12(f) permits a party to file a motion to strike a responsive pleading "within 21 days after being served with the pleading."  Here, Plaintiff filed its Motion to Strike within the 21-day period, contending that Plaintiff had not been granted leave to amend his Complaint, as required under FRCP Rule 15.  A party may "amend its pleadings once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading

is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. Rule 15.  Because Plaintiff sought leave to amend more than three months after initially serving his original Complaint and receiving an Answer from Defendant, Plaintiff did not have leave as a matter of right.  Thus, Plaintiff was permitted to "amend [his] pleading only with the opposing party's written consent or the court's leave." *See* Fed. R. Civ. P. Rule 15(a)(2). Plaintiff had neither Defendant's written consent nor the Court's leave to file the amended complaint, and the Defendant properly filed a Motion to Strike pursuant to FRCP Rule 12(f). For the foregoing reasons, the Court DENIES Plaintiff's Fourth Motion for Default Judgment.

### C.    Motion to Dismiss

Plaintiff filed his First Motion to Dismiss on March 30, 2023, and argued that the Court's "condonation of Defendant's fraud upon the court and the highjacking of this case has so tainted this case as to rise to the level warranting a mistrial." (First MTD 4:1–4, ECF No. 73).  Plaintiff requested that the Court dismiss the case, "refund [Plaintiff's] court fees," and pay Plaintiff an additional $25,000 in compensatory damages. (*Id.* 4:15–21).[3]

Following the Court's May 25, 2023, Order, which, among other things, granted Defendant's Motion to Compel Plaintiff to respond to Defendant's discovery request, (*see* May 25, 2023, Order 6:4–19), Plaintiff submitted his Second Motion to Dismiss,  In his Second Motion to Dismiss Plaintiff argued that "the Court cannot force a person to continue to litigate a case[.]" (Second MTD 9:13–15, ECF No. 78).  Plaintiff noted that, "any and all fake orders, decision[s] forthcoming from this Court will be taken and used to demonstrate Judge [Navarro] and the new Magistrate are colluding with" Defendant and evidence of the Court's

---

[3] Plaintiff filed a Motion to Refund Court Fee's, (ECF No. 63), that similarly requested a refund of Plaintiff's court fees and $25,000 in compensatory damages.  The Court denied that motion on May 25, 2023. (*See* May 25, 2023 Order, ECF No. 77).  Accordingly, the Court declines to reconsider Plaintiff's request here.

bias/prejudice towards Plaintiff. (*Id.* 8:10–15).  Plaintiff then alleges that because he moved to dismiss, the Court's orders are "improper, fake orders" that are "not enforceable and Plaintiff will ignore them." (*Id.* 9:28–10:1).

In response to Plaintiff's Second Motion to Dismiss, Defendant agrees this case should be dismissed but that "[a]n order for dismissal with prejudice is warranted." (Resp. Second MTD 1:26, ECF No. 80).  Defendant argues it will suffer a legal prejudice if the Court grants Plaintiff's Motion to Dismiss without prejudice because "Plaintiff has never participated in discovery" and expressed that he does not intend to do so. (*Id.* 5:16–19).  Even after the Court ordered Plaintiff to appear for his deposition in its May 25, 2023, Order, Plaintiff failed to appear for his deposition scheduled on June 12, 2023. (*Id.*).  If the Court does not dismiss with prejudice, Defendant requests that the Court should "condition granting Plaintiff's motion on Plaintiff's payment of [Defendant's] attorney's fees and costs." (*Id.* 2:8–9).

Under FRCP Rule 41(a), a Plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or by filing a stipulation of dismissal signed by all parties who have appeared.  Here, Plaintiff meets neither condition because Defendant filed its Answer to Plaintiff's Complaint more than four months before Plaintiff filed its Motion to Dismiss, and the parties have not stipulated to dismiss this action.  Therefore, this action "may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. Rule 41(a)(2).  "A district court should grant a motion for voluntary dismissal under [FRCP] Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citing *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987)).  "Legal prejudice means prejudice to some legal interest, some legal, claim, [or] some legal argument." *See Mack v. LLR, Inc.*, No. EDCV 17-853, 2021 WL 4273006, at *2 (C.D. Cal. Jan. 4, 2021) (quoting *Westlands Water Dist. v.*

*United States*, 100 F.3d 94, 97 (9th Cir. 1996) (quotation marks omitted).  Although the Ninth

Circuit has not adopted a definitive list of factors for determining legal prejudice, "courts have

looked to several factors, including: (1) the defendant's effort and expense involved in

preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in

prosecuting the action; (3) an insufficient explanation of the need to seek a dismissal; and (4) a

motion for summary judgment has been brought by the defendant." *Id.* (citing *United States v.*

*Berg*, 190 F.R.D. 539, 543 (E.D. Cal. 1999)).

Defendant asks the Court to grant Plaintiff's Motion to Dismiss, but to dismiss the case

with prejudice.  The district court in *Mack* noted that, although "dismissal under Rule 41(a)(2)

is generally without prejudice, an action may be dismissed with or without prejudice, and the

dismissal may be conditioned on terms that are proper or necessary to prevent prejudice to the

defendant." *Mack v. LLR, Inc.*, No. EDCV 17-853, 2021 WL 4273006, at *2 (C.D. Cal. Jan. 4,

2021) (citing *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993)).  Based on Plaintiff's conduct

in the action thus far, and because Plaintiff has confirmed he does not intend to follow the

Court's orders, the Court is satisfied that dismissal with prejudice is warranted.  First,

Defendant has timely responded to Plaintiff's excess filings in this matter.  Moreover, despite

repeated unsuccessful attempts to contact Plaintiff regarding discovery matters, Defendant

remained cognizant of the deadlines set by this Court and communicated those deadlines to

Plaintiff.  Second, as discussed, Plaintiff refused to participate in discovery by ignoring

Defendant's written discovery requests, failing to appear for his deposition twice (even after

being ordered by the Court to do so), and ignoring discovery requests by sending mailed

documents back to Defendant.  Plaintiff has not only refused to participate in discovery but has

publicly accused Defendant's counsel of committing "fraud" and being "criminals" through

notes left on returned mail packages.  Third, Plaintiff has not provided a sufficient justification

for seeking dismissal.  Rather, Plaintiff blanketly accuses the Court of fraud and collusion, and

alleges that the Court's orders are "fake orders" which Plaintiff notes he refuses to follow. (*See generally* Second MTD).[4]

Accordingly, the Court GRANTS Plaintiff's First Motion to Dismiss WITH PREJUDICE.  Plaintiff's Second Motion to Dismiss and Third Motion to Dismiss are DENIED as moot.

**IV.**      **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss, (ECF No. 73), is **GRANTED.**   Accordingly, the Court **DISMISSES** this action **WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's First Motion for Default Judgment, (ECF No. 12); Second Motion for Default Judgment, (ECF No. 20); Third Motion for Default Judgment, (ECF No. 22); Motion for Judge Gloria Navarro to Recuse, (ECF No. 51); and Fourth Motion for Default Judgment, (ECF No. 75) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's First Motion in Limine, (ECF No. 10); First Motion for Summary Judgment, (ECF No. 13); Motion for Rule 11 Sanctions, (ECF No. 26); Second Motion in Limine, (ECF No. 28); Motion for Judge Brenda Weksler to Recuse, (ECF No. 52); Motion to Amend Complaint, (ECF No. 53); Second Motion for Summary Judgment, (ECF No. 61);[5] Second Motion to Dismiss, (ECF 78); and Third Motion to Dismiss, (ECF No. 82),[6] are **DENIED as moot**.

///

---

[4] The fourth factor—whether a motion for summary judgment has been brought by the defendant—does not apply because Defendant has not filed a motion for summary judgment.

[5] Because the Court finds that dismissal is appropriate, the Court does not need to consider Plaintiff's arguments raised in his First Motion for Summary Judgment and Second Motion for Summary Judgment.  The Court notes, however, that due to Plaintiff's refusal to participate in discovery, there are still material issues of fact in dispute and thus a motion for summary judgment would be premature at this stage in the litigation.

[6] Plaintiff filed a Third Motion to Dismiss on June 20, 2023.  The Motion reiterates the same arguments raised in Plaintiff's First Motion to Dismiss and Second Motion to Dismiss.

**IT IS FURTHER ORDERED** that Defendant's Counter Motion to Strike Portions of Plaintiff's Filings and Have Plaintiff Declared a Vexatious Litigant, (ECF No. 32), is **DENIED as moot**.[7]

Based on the foregoing, the Clerk of Court is instructed to close this case.  The Court maintains limited jurisdiction on this matter to consider Defendant's Motion for Attorney's Fees, if any.[8]

**DATED** this __26__ day of June, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[7] Although the Court need not reach Defendant's Countermotion to Strike Portions of Plaintiff's Filings and Have Plaintiff Declared a Vexatious Litigant, the Court agrees with Defendant's argument that Plaintiff's personal attacks against Defendant and Defendant's Counsel, Ms. Sheri M. Thome, are unwarranted and improper.

[8] Defendant submitted a Motion for Attorney's Fees on June 20, 2023, (ECF No. 81).  The Court does not opine on that motion in this Order as the issue has not been fully briefed, and Plaintiff has not been given an opportunity to respond.